UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

New Horizon Home Health Care, Inc.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

New Horizon Home Health Services, Inc.
New Horizon Home Health Services, L.L.C.

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  San Bernardino
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Evan B. Frank
1280 South Victoria Avenue Suite 200
Ventura, California 93003
(805) 369-9029

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) TRADEMARK INFRINGEMENT [15 U.S.C. § 114]; (2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(A)]; (3) COMMON LAW TRADEMARK INFRINGEMENT; (4) UNFAIR COMPETITION [CAL. BUS. & PROF. CODE § 17200]; (5) COMMON LAW UNFAIR COMPETITION - Defendant has been violating Plaintiff's TM rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**      Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | | Southern |
|  | ☐ Riverside or San Bernardino | | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☐ No |  | ☐ NO.  Continue to Question B.2. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
|  |  | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No |  | ☐ NO.  Continue to Question C.2. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
|  |  | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☒ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☒ Yes  ☐ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E,  below, and continue from there.<br>If "no," go to question D2 to the right.  ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E,  below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | Eastern |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?  ☒ NO  ☐ YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?  ☒ NO  ☐ YES

    If yes, list case number(s): _____

**If yes, you must file a Notice of Related Cases. See Local Rule 83-1.3.**

**Civil cases** are related when they (check all that apply):

    ☐ A. Arise from the same or a closely related transaction, happening, or event;

    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

    ☐ A. Arise from the same or a closely related transaction, happening, or event;

    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. STATEWIDE OR NATIONWIDE RELIEF**: Does this case seek to bar or mandate enforcement of a state or federal law and seek declaratory or injunctive relief on a statewide or nationwide basis?  ☒ NO  ☐ YES

**If yes, see Local Rule 83-11 for additional requirements.**

**XI. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** *Evan frank*  DATE: 11/25/2024

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| New Horizon Home Health Care, Inc. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| New Horizon Home Health Services, Inc.; New | ) |
| Horizon Home Health Services, L.L.C. | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   New Horizon Home Health Services, Inc.; New Horizon Home Health Services, L.L.C.
5050 Palo Verde Street, Suites 125, 126, Montclair, California 91763;
5050 Palo Verde Street, Suite126, Montclair, California 91763

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Evan B. Frank
1280 South Victoria Avenue, Suite 200
Ventura, California 93003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                                                  *Signature of Clerk or Deputy Clerk*

1
2
3
4
5

**EVAN B. FRANK** (SBN 339872)
EvanBFrankLaw@Gmail.com
Attorney for Plaintiff, New Horizon Home Health Care, Inc.
1280 South Victoria Avenue, Suite 200
Ventura, California 93003
Telephone: (805) 369-9029

6
7
8
9
10
11
12

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| NEW HORIZON HOME HEALTH CARE, INC., | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT [15 U.S.C. § 114];** |
| NEW HORIZON HOME HEALTH SERVICES, INC.; NEW HORIZON HOME HEALTH SERVICES, L.L.C. | **(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(A)];** |
| Defendants. | **(3) COMMON LAW TRADEMARK INFRINGEMENT;** |
| | **(4) UNFAIR COMPETITION [CAL. BUS. & PROF. CODE § 17200];** |
| | **(5) COMMON LAW UNFAIR COMPETITION.** |

1
COMPLAINT

Plaintiff, New Horizon Home Health Care, Inc. (hereinafter "Plaintiff"), by and through its attorneys, for its Complaint against Defendants, New Horizon Home Health Services, Inc., and New Horizon Home Health Services, L.L.C. (hereinafter "Defendants"), states as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and for related causes of action under California statutory and common law.

2. This action arises from Defendants' infringement of Plaintiff's valuable NEW HORIZON HOME HEALTH CARE, INC. trademark, which Plaintiff uses in connection with its well-known and highly rated home health care business— which is headquartered in Los Angeles County, and which has been open since 2001. Plaintiff's home health care business services over 500 clients annually with over $2 million in annual revenue, employing over 35 personnel and more than 40 independent contractors.

3. Long after Plaintiff's corporation began using its federally-registered NEW HORIZON HOME HEALTH CARE, INC. trademark, Defendants began using the nearly identical name in connection with their own home health care business. After learning of Defendants' use, Plaintiff promptly contacted Defendants. Plaintiff notified Defendants of its trademark rights and its concern that Defendants' use of a nearly identical mark for a business that is also identical

in nature to that of Plaintiff is likely to cause confusion among consumers. Plaintiff requested that Defendants stop using the mark and transition to a new name. Defendants have refused to do so.

4.  Given the parallel nature of the Parties' respective businesses, and the near identity of the respective marks, Defendants' use of the name NEW HORIZON HOME HEALTH SERVICES, INC. (L.L.C.) is likely to cause confusion as to whether it is Plaintiff's company, operating within the authority of Plaintiff's company, a contractor with Plaintiff's company, or in any other way associated with Plaintiff's company. Alternatively, and given Defendants' ability to take advantage of internet based marketing and other business practices, there is a real danger that consumers could be led to believe that Plaintiff is operating under the authority of Defendants' company, or companies, or is infringing upon Defendants' intellectual property rights, causing reverse confusion.

5.  Plaintiff brings this action to stop Defendants' unauthorized and infringing use of a trademark that is confusingly similar to Plaintiff's mark, and to obtain an award of profits, actual damages, and other relief.

## THE PARTIES

6.  New Horizon Home Health Care, Inc. is a California corporation with a business address at 815 East Colorado Street, Suite 100, Glendale, California 91205.

7.   On information and belief, Defendant New Horizon Home Health Services, Inc. is a California corporation with a business address at 5050 Palo Verde Street, Suites 125, 126, Montclair, California 91763.

8.   On information and belief, Defendant New Horizon Home Health Services, L.L.C. is a California limited liability company with a business address also at 5050 Palo Verde Street, Suite 126, Montclair, California 91763, and is an agent and/or alter-ego of Defendant New Horizon Home Health Services, Inc..

## <u>JURISDICTION</u>

9.   This Court has subject matter jurisdiction over the federal question claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This complaint also alleges violations of California law. This Court has jurisdiction over these state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a), in that the claims are so related to the above federal claims that they form part of the same case or controversy.

10.  This Court has personal jurisdiction over the Defendants in that the acts complained of herein occurred in the Central District of California. In Addition, Plaintiff New Horizon Home Health Care, Inc. is informed and believes, and on that basis alleges, that Defendants reside in and are doing business in the State of California and in this judicial District.

/      /      /

## DIVISIONAL ASSIGNMENT

11.   Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c). Defendants reside in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## NEW HORIZON'S BUSINESS AND MARKS

12.   New Horizon Home Health Care, Inc. has been providing excellent professional medical services to their patients and has been a reliable provider and partner for the medical community since 2001.

13.   The focus of New Horizon Home Health Care, Inc. is providing in-home healthcare for patients including: nursing, physical therapy, geriatrics, end of life care, assisted living services, doctor visits, prescription services, and other services.

14.   The company has become very well-known and respected within Los Angeles and surrounding Counties, servicing over 500 home healthcare patients per year.

15.   New Horizon Home Healthcare, Inc. earned over $2 million in annual revenue in 2023 and employs over 35 full-time personnel and more than 40 independent contractors.

16.   Since the first use of the NEW HORIZON HOME HEALTH CARE, INC. name in or around February 2001, New Horizon Home Health Care, Inc. has expended millions of dollars in advertising, promoting, and selling its in-home healthcare services—which have received substantial unsolicited publicity and

5
COMPLAINT

several industry recognitions. As a result, New Horizon Home Health Care, Inc. has accumulated considerable goodwill and recognition in its NEW HORIZON HOME HEALTH CARE, INC. mark, and has developed strong common law rights in the NEW HORIZON HOME HEALTH CARE, INC. mark.

17.    Due to the foregoing, consumers have come to associate the NEW HORIZON HOME HEALTH CARE, INC. mark with New Horizon Home Health Care, Inc. and the in-home healthcare services it provides.

18.    New Horizon Home Health Care, Inc. owns the registration in the U.S. for its NEW HORIZON HOME HEALTH CARE, INC. mark. A copy of the certificate of registration is attached as **EXHIBIT 1**. As shown in Exhibit 1, U.S. Registration 4,528,957 has been registered since May 13, 2014.

## **DEFENDANTS' BUSINESS AND UNAUTHORIZED CONDUCT**

19.    On information and belief, Defendant is an in-home healthcare services company providing services for patients similar to those provided by Plaintiff.

20.    In or around December 2023, New Horizon Home Health Care, Inc. learned that when their referral services were looking up the company, Defendants' companies would appear. This was a major concern to Plaintiff as many of the newer hospital case managers would confuse Plaintiff with the other New Horizon home healthcare companies and would send the referrals to the wrong place.

21.    Plaintiff cannot be certain of the exact number of mistaken referrals; however, the number is reasonably assumed to be significant considering: 1)

Defendant New Horizon Home Health Services, Inc. has been using the New Horizon name since, at least, August 31, 2020; and 2) Plaintiff continues to receive numerous communications monthly from confused discharge planners and case managers.

22.    On information and belief, Defendant New Horizon Home Health Services, Inc. was established in 2020 in Northridge, California, subsequently moving to Montclair, California. The first of the above locations is in Los Angeles County, and the second is in San Bernardino County.

23.    After discovering of Defendants' use, New Horizon Home Health Care, Inc. contacted Defendant New Horizon Home Health Services, Inc. by letter correspondence dated June 10, 2024 (a copy of which is attached hereto as **EXHIBIT 2**). Plaintiff advised Defendant of its NEW HORIZON HOME HEALTH CARE, INC. mark and trademark rights, and its concern that Defendant's use of the nearly identical mark NEW HORIZON HOME HEALTH CARE SERVICES, INC. is likely to cause confusion among consumers.

24.    Given the propensity for both forward and reverse confusion, as well as dilution of its distinctive mark, New Horizon Home Health Care, Inc. requested that Defendant stop using the mark and transition to a new name.

25.    Since then, Counsels for Plaintiff and Defendant have exchanged email correspondence, and have had multiple telephone discussions, but have been unable to resolve the matter.

26.  While, after months of strained negotiations, Defendant filed a fictitious business name on September 5, 2024, all licenses and regulatory filings remain in the name of New Horizon Home Health Services, Inc., and New Horizon Home Health Services, L.L.C. respectively. Defendant corporation is still named New Horizon Home Health Services, Inc.. Defendant corporation has refused to comply with the request that the corporation's name be changed—with all licenses and regulatory filings reflecting that change—to cease violating Plaintiff's rights.

27.  Thus, Defendants have been, and continue to be, engaged in acts that are injurious and deceptive to the public and which will cause New Horizon Home Health Care, Inc. irreparable harm.

28.  If allowed to continue, Defendants' conduct will result in irreparable harm to Plaintiff.

## CAUSES OF ACTION

### First Cause of Action

### Trademark Infringement (15 U.S.C. § 1114)

29.  New Horizon Home Health Care, Inc. realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

30.  New Horizon Home Health Care, Inc. owns and has rights to use its federally-registered NEW HORIZON HOME HEALTH CARE, INC. marks in connection with "Home Health Care Services," and for other goods and services.

31.  As a result of New Horizon Home Health Care, Inc.'s longstanding, widespread and continuous use of the NEW HORIZON HOME HEALTH CARE, INC. mark, its mark enjoys considerable goodwill that has become associated with New Horizon Home Health Care, Inc..

32.  New Horizon Home Health Care, Inc.'s rights in its NEW HORIZON HOME HEALTH CARE, INC. mark, predate Defendants' first use of the name "New Horizon Home Health Services, Inc."—which is in violation of Plaintiff's rights in its mark because the name is nearly identical to Plaintiff's mark.

33.  The "New Horizon Home Health Services, Inc." mark is highly similar to the NEW HORIZON HOME HEALTH CARE, INC. mark in sight, sound, and commercial impression, as is the "New Horizon Home Health Services, L.L.C." mark.

34.  Defendants, moreover, use the highly similar names in connection with specific services that Plaintiff is also in the business of providing. And, thus, Defendants' goods and services are both closely related and complimentary to the goods and services offered by New Horizon Home Health Care, Inc. under the NEW HORIZON HOME HEALTH CARE, INC. mark.

35.  Defendants' uses of the New Horizon Home Health Services, Inc. (or L.L.C.) names are likely to cause confusion as to the source, sponsorship, or approval of Defendants' services. Consumers may be led to believe that Defendants' services are connected with New Horizon Home Health Care, Inc.. Alternatively,

and given Defendants' ability to reach large numbers of consumers through online advertisements, search engines, and by other means, consumers could mistakenly believe that Plaintiff is actually selling Defendants' services or infringing Defendants' intellectual property rights.

36. Defendants chose to use "New Horizon Home Health Services, Inc. (or L.L.C.)" with constructive and/or actual knowledge of New Horizon Home Health Care, Inc.'s prior use of and rights in the NEW HORIZON HOME HEALTH CARE, INC. mark.

37. Defendants' use of the confusingly similar "New Horizon Home Health Services, Inc. (or L.L.C.)" name deprives Plaintiff of the ability to control consumer perception of the quality of the goods and services marketed under the NEW HORIZON HOME HEALTH CARE, INC. mark, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

38. The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

39. The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

40. New Horizon Home Health Care, Inc. has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of infringement, and, unless enjoined by the Court, Defendants will continue to infringe upon the NEW

HORIZON HOME HEALTH CARE, INC. mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## Second Cause of Action

## Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a)

41.  Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

42.  Defendants' use of the New Horizon Home Health Services, Inc. (or L.L.C.) name—which is nearly identical to the NEW HORIZON HOME HEALTH CARE, INC. mark—falsely suggests that their goods and services are connected with, sponsored by, affiliated with, related to, and/or approved by New Horizon Home Health Care, Inc. and its goods and services marketed under the NEW HORIZON HOME HEALTH CARE, INC. mark.

43.  On information and belief, Defendants have acted with knowledge of New Horizon Home Health Care, Inc.'s mark. The mark (4,528,957) has been registered since May 13, 2014. Even a cursory search of the USPTO database would have revealed the registration.

44.  Defendants' unauthorized use of a confusingly similar name constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.    New Horizon Home Health Care, Inc. has been, is now, and will continue to be irreparably harmed by Defendants' aforementioned acts of unfair competition of false designation of ownership, and, unless enjoined by the Court, Defendants will continue to infringe New Horizon Home Health Care, Inc.'s rights. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## Third Cause of Action

## Common Law Trademark Infringement

46.    Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

47.    By their acts alleged herein, Defendants have engaged in trademark infringement under the common law of the State of California.

48.    The general consuming public of California recognizes the NEW HORIZON HOME HEALTH CARE, INC. mark as designating New Horizon Home Health Care, Inc. as the source of goods and services. New Horizon Home Health Care, Inc. has common law trademark rights in the NEW HORIZON HOME HEALTH CARE, INC. mark under California law.

49.    Defendants' use of the confusingly similar mark NEW HORIZON HOME HEALTH SERVICES, INC. (or L.L.C.) is likely to deceive the public into believing that Defendants' in-home healthcare goods and services either incorporates New Horizon Home Health Care, Inc.'s NEW HORIZON HOME

HEALTH CARE, INC. goods and services or is otherwise connected with New Horizon Home Health Care, Inc.. Alternatively, consumers may be led to believe that New Horizon Home Health Care, Inc. is selling or offering Defendants' goods and services or infringing on Defendants' intellectual property rights.

50.    Defendants' wrongful activities in the State of California have caused New Horizon Home Health Care, Inc. irreparable injury.

51. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's NEW HORIZON HOME HEALTH CARE, INC. mark and injury to Plaintiff's reputation that cannot be remedied through damages alone, and Plaintiff has no adequate remedy at law.

52.    New Horizon Home Health Care, Inc. is entitled to a permanent injunction restraining and enjoining Defendants and their agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the NEW HORIZON HOME HEALTH CARE, INC. mark or any colorable imitation thereof.

53.    New Horizon Home Health Care, Inc. is also entitled to recover (i) Defendants' profits, (ii) New Horizon Home Health Care, Inc.'s ascertainable damages, and (iii) New Horizon Home Health Care, Inc.'s costs of suit.

## Fourth Cause of Action

## Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

54. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

55. By the acts alleged herein, Defendants have engaged in unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("**UCL**"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by, among other things, engaging in trademark infringement.

56. Defendants' acts are unlawful and/or unfair under the UCL because Defendant's use of the NEW HORIZON HOME HEALTHCARE, INC. mark in California is likely to confuse consumers as to the source, origin, or affiliation of Defendants' goods or services, to misrepresent the nature, characteristics and qualities of Defendants' in-home healthcare goods or services and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Defendants' goods or services somehow incorporate, or have the nature, characteristics, and/or qualities of Plaintiff's NEW HORIZON HOME HEALTH CARE, INC. in-home healthcare goods or services. Alternatively, as Defendants have the capability of reaching countless members of the consuming public via its internet presence and other means, consumers may be led to believe that Plaintiff is selling or offering Defendants' in-home healthcare goods or services, or infringing on Defendants' intellectual property.

57.    Defendants' acts of unfair competition in the State of California have caused New Horizon Home Health Care, Inc. irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's NEW HORIZON HOME HEALTH CARE, INC. mark and injury to Plaintiff's reputation that cannot be remedied through damages alone, and Plaintiff has no adequate remedy at law.

58.    New Horizon Home Health Care, Inc. is entitled to a permanent injunction restraining and enjoining Defendants and their agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the NEW HORIZON HOME HEALTH CARE, INC. mark or any similar variation thereof.

59.    As a direct and proximate result of Defendants' statutory unfair competition, Defendants have been unjustly enriched in an amount to be determined at trial.

## **Fifth Cause of Action**

### **Common Law Unfair Competition**

60.    Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

61. Defendants' actions described above constitute unfair competition under California state common law. Defendants' acts have resulted in the "passing off" of Defendants' in-home healthcare goods and services, including, without limitation, under the name "New Horizon Home Health Services, Inc. (or L.L.C.)"—which is nearly identical to Plaintiff's NEW HORIZON HOME HEALTH CARE, INC. mark—as somehow related to or associated with, or sponsored or endorsed by, Plaintiff, a competitor.

62. Defendants' actions were undertaken with the purpose of misleading or deceiving the public into buying Defendants' products under the impression that it was purchasing Plaintiff's product and/or that Defendants' products were sponsored or endorsed by Plaintiff.

63. Plaintiff, New Horizon Home Health Care, Inc., therefore, is entitled to recover all damages proximately caused thereby in an amount to be established at trial.

64. Defendants' wrongful conduct has caused and, if it continues, will continue to cause irreparable harm to Plaintiff that cannot be fully compensated by money and for which Plaintiff has no adequate remedy at law. Therefore, in addition to monetary damages, New Horizon Home Health Care, Inc. is entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to engage in the conduct alleged in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, New Horizon Home Health Care, Inc. prays for relief as follows:

1. Entry of an order and judgment requiring that Defendants and their officers, agents, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with it, be permanently enjoined and restrained from (a) using in any manner the NEW HORIZON HOME HEALTH CARE, INC. mark, or any colorable imitation of those marks (including, but not limited to, NEW HORIZON HOME HEALTH SERVICES, INC., and NEW HORIZON HOME HEALTH SERVICES, L.L.C.), as a trade name, trademark, service mark, or domain name; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective customers of New Horizon Home Health Care, Inc.'s products and services, with respect to the source of the products and services offered for sale, distributed, or sold by Defendants, or with regard to there being a connection between Defendants and New Horizon Home Health Care, Inc.;

2. A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon New Horizon Home Health Care, Inc. within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the

injunction and implemented adequate and effective means to stop using the NEW HORIZON HOME HEALTH CARE, INC. mark, as set forth above.

3.   A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendants account for and pay to New Horizon Home Health Care, Inc. damages arising from Defendants' violation of the Lanham Act;

4.   A judgment, pursuant to 15 U.S.C. 1117, requiring that Defendants account for and disgorge to New Horizon Home Health Care, Inc. all of the profits realized by Defendants or others in active concert or participation with Defendants, relating to the use of the NEW HORIZON HOME HEALTH CARE, INC. mark, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest;

5.   A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all articles, signage, promotional items, literature, sales aids, packaging, or other materials in the possession, custody, or control of Defendants or their agents or distributors, bearing any mark confusingly similar to the NEW HORIZON HOME HEALTHCARE, INC. mark, both alone and in combination with other words or terms;

6.   A judgment, pursuant to 15 U.S.C. § 1117, allowing New Horizon Home Health Care, Inc. to recover its costs and attorney's fees incurred in connection with this action;

7.   A judgment requiring that Defendants pay pre- and post-judgment interest; and

8.  A judgment granting New Horizon Home Health Care, Inc. any relief that the Court deems just and proper.


Dated: November 25, 2024


Evan B. Frank (Nov 27, 2024 15:26 PST)

EVAN B. FRANK
Attorney for Plaintiff
New Horizon Home Health Care, Inc.

19
COMPLAINT